**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ERMELINDA RODRIQUEZ** | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **6:19-CV-00374** |
| **PREM CHOHAN and ALLSTATE** | § | |
| **FREIGHT SYSTEMS, INC.** | § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF ERMELINDA RODRIQUEZ, (hereinafter referred to as "Plaintiff"), files this Original Complaint against Defendant PREM CHOHAN (hereinafter referred to as "Defendant Chohan") and ALLSTATE FREIGHT SYSTEMS, INC. (hereinafter referred to as "Defendant Allstate Freight") referred to collectively as ("Defendants"), and in support of this pleading would show the Court as follows:

**I**
**NATURE OF THE ACTION**

1. This case is a vehicle versus 18-wheeler crash in which Mrs. Rodriguez was injured and sought out medical treatment, including a surgery to her back.

**II.**
**PARTIES**

2. Plaintiff Ermelinda Rodriquez is a resident of Garland, Dallas County, Texas. The last three digits of Plaintiff's social security number are 192.

3. Defendant Prem Chohan is an individual residing in Canada who may be served with process at his place of abode at 17 MacDougall Drive, Brampton, Ontario Canada, L6S

3P4, or wherever found. The last three digits of his driver's license are 31K and the last three digits of his social security number are unknown.

4.      Defendant Allstate Freight Systems, Inc. is a transportation, Motor Carrier Company out of Canada, who is authorized to do business in the State of Texas and may be served with process by serving it's agent for service in Texas, Jeffrey Fultz, at 10343 Sam Houston Park Drive, #210, Houston, Texas 77064-4656.

5.      Thus, the exercise of jurisdiction over Defendant Allstate and Chohan does not offend traditional notions of fair play and substantial justice.

### III.
### JURISDICTION

6.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).    No Defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      The present action is a civil action between Plaintiff who is a resident and citizens of Texas, and Defendant Allstate Freight Systems, Inc., which is a citizen of, is incorporated in, and/or has its principal place of business in, a state other than the State of Texas, specifically Canada.    Defendant Allstate Freight Systems, Inc. maintains a registered agent for service in Texas.

8.      Defendant Prem Chohan is a citizen of a state other than the State of Texas, specifically Canada.

9.      This Court has general and personal jurisdiction over Defendant Allstate Freight Systems, Inc. because this Defendant: (1) conducts business in, and engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Western District of Texas – Waco Division; and/or (2) committed torts, in whole or in

part, within Texas, and specifically within the Western District of Texas – Waco Division, and said torts give rise to this action.

## IV.
## JURISDICTION/VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).   A substantial part of the acts or omissions giving rise to the claims occurred within the Western District of Texas, McClennan County, Texas.

## V.
## FACTUAL PREDICATE GIVING RISE TO PLAINTFF'S CAUSES OF ACTION

11. On or about June 21, 2017, at approximately 7:30 p.m., Defendant and Plaintiff were driving southbound in the 1700 block of IH 35 service road in Bellmead, McLennan County, Texas.   Defendant Prem Chohan exited Interstate 35 and started over from the left lane into the middle lane, striking the Plaintiff's vehicle in the right quarter panel.

12. Defendant Prem Chohan exited Interstate 35 and started over from the left lane into the middle lane, striking the Plaintiff's vehicle in the right quarter panel.   Defendant Prem Chohan was driving a white International 18 wheel, semi-truck with a trailer, Defendant failed to control his speed, failed to make a proper lane change and crashed into the Plaintiff causing serious damages and injuries.

13. Defendant Chohan was employed by and in the course and scope of his employment, and driving for Defendant Allstate Freight Systems at the time of the crash.

14. Defendant operated the vehicle negligently and carelessly, causing a collision with Plaintiff that damaged Plaintiff's vehicle and physically injured the Plaintiff.

## VI.
## <u>COUNT 1: NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT PREM CHOHAN</u>

15.    Defendant Chohan did not conduct himself as an ordinary prudent person would have done in the same or similar circumstances.    Defendant Chohan proximately caused the alleged incident and Plaintiff's resulting injuries and damages in the following respects:

a.  In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.  driver inattention;

c.  In violating TEX. TRANS. CODE ANN. § 545.351, by driving his vehicle at a speed that was greater than what was reasonable and prudent under the conditions and having regard for actual and potential hazards that existed, failed to control the speed of her vehicle as necessary to avoid the collision with the Plaintiffs;

d.  In failing to timely stop his vehicle to avoid the collision;

e.  In failing to control his speed;

f.  In changing lanes when unsafe;

g.  Failure to yield the right of way in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances;

h.  Failure to adhere to and follow the Texas Commercial Motor Vehicle Driver's Handbook and/or the Federal Motor Carrier Safety Regulations;

i.  Failure to obtain the necessary training, education, and knowledge to safely operate the rig and trailer in question; and

j.  In failing to maintain an assured distance between his vehicle and other vehicles so that, considering the speed of the vehicles, traffic and the conditions of the highway, so he could safely stop without colliding with Plaintiff's or any other vehicle, see TEX. TRANS. CODE ANN. §545.062 (a).

16.  Each of these acts and omissions, singularly or in combination with others, constitute negligence and negligence per se and proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## VII.
### RESPONDEAT SUPERIOR/ PERMISSIVE USE

17.  Plaintiff would show that on the date in question, Defendant Chohan was a permissive user of the vehicle in question and was employed by and driving with the permission and knowledge of Defendant Allstate Freight.

18.  Whenever in this Petition it is alleged that Defendant Chohan did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, employees, and/or statutory employees either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendant Allstate Freight Systems, and in the furtherance of Defendant's business.

## VIII.
### COUNT 2: NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT ALLSTATE FREIGHT SYSTEMS

19.  Defendant Allstate Freight did not conduct itself as an ordinary prudent company would have done in the same or similar circumstances.   The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligent, and

negligent per se, conduct of Defendant Allstate Freight in one or more of the following respects:

   a.  In failing to properly train and educate the driver to safely operate the rig and trailer in question;

   b.  Failing to conduct a reasonable and adequate interview of Defendant Chohan as a potential employee.

   c.  Failure to conduct a proper employment and background check of Defendant Chohan; and

   d.  Failure to sufficiently investigate Defendant Chohan's training, criminal record, documentation, and past driving records prior to employment,

   e.  Failure to adopt proper policies and procedures regarding the interview of a potential employee who would be driving a rig and trailer on the roadways of the State of Texas.

20.   Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## IX.
## <u>ACTUAL DAMAGES OF PLAINTIFF</u>

21.   As a result of the Defendants' actions and the Incident, Plaintiff has suffered damages and seeks monetary relief over $75,000.00, and demands judgment for all other relief which Plaintiff may be entitled.   Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

   a.  **<u>Past Medical Expenses:</u>**   Plaintiff has incurred bodily injuries which were caused by the incident in question.   Plaintiff has incurred medical expenses in the past and will continue to incur them in the future.

b. **Future Medical Expenses:**   Plaintiff will continue to incur medical expenses in the future as a result of her bodily injuries which were caused by the incident in question.

c. **Past Physical Pain:** Plaintiff has endured severe and constant physical pain in the past and will endure pain in the future.

d. **Future Physical Pain:** Plaintiff will continue to endure severe and constant physical pain in the future.

e. **Past Mental Anguish:** Plaintiff has endured mental anguish in the past as a result of her bodily injuries which were caused by the incident in question.

f. **Future Mental Anguish:** Plaintiff will endure future mental anguish as a result of her bodily injuries which were caused by the incident in question.

g. **Past Impairment:** Plaintiff has endured physical impairment in the past as a result of her bodily injuries which were caused by the incident in question.

h. **Future Impairment:** Plaintiff will continue to suffer physical impairment in the future as a result of her bodily injuries which were caused by the incident in question.

i. **Disfigurement:**   Plaintiff has suffered and will continue to suffer and endure disfigurement as a result of her bodily injuries which were caused by the incident in question.

j. **Past Lost Wages or Earning Capacity**:   Plaintiff has incurred lost wages or wage earning capacity in the past.

k. **Future Lost Wages or Earning Capacity**:   Plaintiff has incurred lost wages or wage earning capacity in the future.

## X.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

22.    Plaintiff claims all lawful prejudgment and post-judgment interest on the damages suffered by her.

## XI.
## PRESERVATION OF EVIDENCE

23.    Plaintiffs hereby request and demand that Defendant Allstate and Chohan preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; vehicle downloads, log books, GPS tracking date, business and medical records; injury reports; investigative reports; and other information related to the occurrence in question and the injuries and damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XII.
## JURY DEMAND

24.    Plaintiff requests that a jury be convened to try the factual issues in this cause.

## XIII.
## PRAYER

25.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that upon the trial of this cause that Plaintiff has judgment against Defendants, jointly and severally, for all of her damages as set out herein, pre-judgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all costs of court, punitive damages, and for such other and further relief, both general and special, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, PC**

**CHRISTY L. HESTER**
Texas State Bar No. 24081881
christy@tedlyon.com

Town East Tower, Suite 525
18601 LBJ Freeway
Mesquite, Texas 75150
Phone: (972) 279-6571
Fax: (972) 279-3021

**ATTORNEY FOR PLAINTIFF**